Robert PATTON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–91–00751 to 05–91–00753–CR.

Court of Appeals of Texas,
Dallas.

June 11, 1992.

E.X. Martin III, Dallas, Tex., for appellant.

April E. Smith, Dallas, Tex., for appellee.

Before THOMAS, MALONEY and KAPLAN, JJ.

## OPINION

THOMAS, Justice.

Robert Patton (Husband) appeals three misdemeanor convictions for violation of a protective order. In a bench trial, the court found Husband guilty and assessed punishment for each conviction at 365 days' confinement, probated for two years, and a $300 fine. In three points of error, Husband asserts that: (1) the evidence is insufficient to support his convictions in cause numbers MA91–43673–F and MA91–39498–F; (2) the protective order is invalid because it failed to specifically describe Vicki Patton's (Wife) place of employment; and (3) there is a fatal variance between the informations and proof.[1] We overrule all points of error. Accordingly, we affirm the trial court's judgments.

## FACTUAL BACKGROUND

Husband and Wife were married for twelve years. After they separated, Wife filed an application for protective order against Husband. Husband obtained a continuance and sought a protective order against Wife. On September 20, 1990, the family district court entered an agreed protective order restraining both Husband and Wife from committing certain acts for one year.

Wife testified that Husband "repeatedly" violated the protective order. Husband eventually was charged with four violations of the protective order by making threatening or harassing telephone calls to Wife at her place of employment and by going within 500 feet of her place of employment. The court found the evidence insufficient to support one of the charges and found Husband guilty of the other three charges.

## SUFFICIENCY OF THE EVIDENCE

[1, 2] Husband complains that the evidence is insufficient to support his convictions in cause numbers MA91–43673–F and MA91–39498–F. In reviewing the sufficiency of the evidence, this Court views the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Turner v. State*, 805 S.W.2d 423, 427 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). Questions concerning the credibility of the witnesses and the weight to be given their testimony are to be resolved by the trier of fact. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985).

Husband was charged by informations with violations of a protective order. Tex.Penal Code Ann. § 25.08(a) (Vernon Supp.1992). Section 25.08 of the Texas Penal Code provides in pertinent part:

(a) A person commits an offense if, in violation of an order issued under Section 3.581, Section 71.11, or Section 71.12, Family Code, the person knowingly or intentionally:

\* \* \* \* \* \*

(2) directly communicates with a member of the family or household in a threatening or harassing manner ...

(3) goes to or near any of the following places as specifically described in the protective order:

---

1. The second and third points of error are asserted in all three appeals.

(A) The residence or place of employment or business of a member of the family or household[.]

TEX.PENAL CODE ANN. § 25.08(a)(2) & (3)(A) (Vernon Supp.1992). The protective order in this case was entered pursuant to section 71.11 of the Texas Family Code. The protective order prohibited Husband from, *inter alia,* (1) communicating directly with Wife in a threatening or harassing manner and (2) going to or within 500 feet of Wife's residence or business unless at the times specified for the specific purpose of picking up or returning the children.

*A. February 19, 1991 Violation (Cause No. MA91–43673–F).*

■ The information in cause number MA91–43673–F alleged that Husband "did then and there knowingly and intentionally communicate by telephone with [Wife] in a threatening or harassing manner and did go to her business located at [address], Dallas, Texas, to wait for her to leave." Husband argues that his telephone communications to Wife cannot reasonably be construed as threatening or harassing by a person of ordinary sensitivities; that the communications are at best vague and do not evidence any reasonable level of annoyance, harassment, or alarm; and that Wife did not testify that she perceived the calls as threatening or harassing. He further argues that the State failed to introduce any evidence that he was within 500 feet of Wife's place of employment.

Wife testified that, on February 19, 1991, Husband called her numerous times at the post office where she worked. When she answered the calls, Husband told her that he was going to follow her home from work and run her car off the road. When Wife left work that evening, Husband was in the rear parking lot of the post office. He began to follow her, so she returned to the post office and called the police. Dallas Police Officer Michael L. Kronig testified that, on February 19, 1991, he was dispatched regarding a call about a person violating a protective order. Wife told Officer Kronig that Husband had called her at work that day and had told her that he was going to come to her place of work,

follow her home, and run her car off the road. Wife also told Kronig that, when she came out from work, she saw Husband driving through the rear parking lot of the post office. Husband later was detained and arrested two or three miles from the post office where Wife worked.

A person threatens another when he declares an intent or determination to inflict injury or loss or indicates probable evil, violence, or loss to come. *See* WEBSTER'S ENCYCLOPEDIC UNABRIDGED DICTIONARY 1478 (1989). A person harasses another when he persistently disturbs, bothers continually, or pesters that person. *See* WEBSTER'S ENCYCLOPEDIC UNABRIDGED DICTIONARY 645 (1989). The evidence showed that Husband called Wife at work numerous times and told her that he was going to follow her home and run her car off the road. A rational trier of fact could have found that such telephone calls to wife were threatening or harassing.

On the other hand, there is insufficient evidence to prove beyond a reasonable doubt that Husband went within 500 feet of Wife's place of employment on February 19, 1991. Although testimony showed that Wife saw Husband in the rear parking lot of the post office, there is no evidence of where this parking lot was located in relation to the post office or that this parking lot was within 500 feet of Wife's place of employment.

■ An information that charges commission of an offense by more than one method is sustained by proof of any one of the methods alleged. *Robinson v. State,* 656 S.W.2d 111, 120 (Tex.App.—San Antonio 1983, pet. ref'd); *see Staten v. State,* 686 S.W.2d 268, 272 (Tex.App.—Houston [14th Dist.] 1985, no pet.). Evidence of all methods alleged may be offered, and proof of one method is sufficient to sustain a conviction. *Robinson,* 656 S.W.2d at 120; *see Staten,* 686 S.W.2d at 272. The State could allege that Husband committed the offense by making threatening or harassing telephone calls to Wife and by going within 500 feet of her place of employment and could obtain a conviction by proving only that Husband made the threatening or

harassing calls to Wife at work. Because the evidence is sufficient to support a finding that Husband made threatening or harassing telephone calls to Wife at her place of employment, we conclude that the evidence is sufficient to support Husband's conviction in cause number MA91–43673–F.

*B. December 21, 1990 (Cause number MA91–39498–F).*

■ The information in cause number MA91–39498–F alleged that Husband "did unlawfully then and there knowingly and intentionally communicate by telephone with [Wife] in a threatening or harassing manner at her place of employment located at [address], Dallas, Texas...."

Wife testified that Husband started calling her at work at 4:00 a.m. on December 21, 1990. After the first call, she told him not to call her at work. Thereafter, Husband called continuously, and Wife hung up on him. Wife stated that she called the police because Husband "had threatened—told me to watch my car...." Later, a co-worker told Wife that her car doors were open. Wife's impression from most of the conversations was that Husband wanted to know when and where she was working so that he could "keep tabs" on her.

Based on this evidence, a rational factfinder could find that Husband, in these telephone calls to Wife, declared his intent or determination to inflict injury or loss or indicated that violence or loss would occur. *See* WEBSTER'S ENCYCLOPEDIC UNABRIDGED DICTIONARY 1478 (1989). A rational factfinder also could find that Husband, in these telephone calls, persistently disturbed, continually bothered, or pestered Wife. The evidence was sufficient to prove that Husband made harassing telephone calls to Wife at work. *See* WEBSTER'S ENCYCLOPEDIC UNABRIDGED DICTIONARY 645 (1989). Accordingly, the evidence is sufficient to prove that Husband violated the protective order on December 21, 1990 by making threatening or harassing telephone calls to Wife at her place of employment. We overrule Husband's challenges to the sufficiency of the evidence.

## FATAL VARIANCE

Husband next argues that a fatal variance exists between the informations and the proof at trial. Specifically, he complains that the State did not prove that the cause numbers alleged in the informations were the same cause number for the proceeding in which the protective order was entered. Two informations allege the cause number to be 90–13103–*303rd,* and one information alleges the cause number to be 90–13103–*V.* State's Exhibit 1, the protective order, shows the cause number of the proceeding in which the order was entered as 90–13103. No other evidence of the cause number was introduced. Husband asserts that the State was bound by and required to prove the exact cause numbers alleged because they were legally descriptive of that which is legally essential to prove the offense charged. The State responds that the cause numbers alleged in the informations were surplusage that need not be proved.

■ Generally, words or allegations may be treated as surplusage if they are not essential to constitute the offense and if they can be entirely omitted without affecting the charge and without detriment to the indictment. *Polk v. State,* 749 S.W.2d 813, 816 (Tex.Crim.App.1988) (op. on reh'g); *Burrell v. State,* 526 S.W.2d 799, 802 (Tex. Crim.App.1975). However, when the unnecessary matter is descriptive of that which is legally essential to the charged offense, they must be proven as alleged even though needlessly stated. *Polk,* 749 S.W.2d at 816; *Burrell,* 526 S.W.2d at 802.

■ The elements of violation of a protection order as charged here are: (1) a person, (2) in violation of an order issued under sections 3.581, 71.11, or 71.12 of the Texas Family Code, (3) knowingly or intentionally, (4) directly communicates with a member of the family or household in a threatening or harassing manner, or (5) goes to or near the place of employment of a member of the family or household. *See* TEX.PENAL CODE ANN. § 25.08(a)(2) & (3)(A). To obtain a conviction for violation of the protective order, the State had to prove the existence of the protective order. The

State was not required to specify or to prove the cause number in which the order was entered. However, when the State chose to allege the cause number, it specifically described something that was essential to prove the offense charged (the protective order). The State bound itself to prove the cause numbers as alleged. The cause numbers alleged cannot be disregarded as surplusage. *See Polk*, 749 S.W.2d at 816; *Burrell*, 526 S.W.2d at 802. Thus, we must determine whether there was a fatal variance between the informations and the proof at trial.

■ The cause number shown on the protective order is 90–13103. Only one district court proceeding in Dallas County, Texas, has the cause number 90–13103. *See* TEX.R.CIV.P. 23 (clerk shall designate suits by regular consecutive numbers, called file numbers, and mark on each paper in every case the file number of the cause). In two informations, the State alleged the cause number as 90–13103–*303rd,* and in one information the State alleged the cause number as 90–13103–*V.* Both "303rd" and "V" refer to the 303rd District Court of Dallas County, Texas. The protective order shows that the presiding judge of the 303rd District Court of Dallas County, Texas, signed the order in cause number 90–13103. The suffixes added to the cause number by the State are used for administrative purposes to designate in which court the particular cause number was heard. These designations are not a part of the cause number. In essence, the additional suffixes were surplusage and, therefore, may be disregarded. The State proved that the 303rd District Court of Dallas County, Texas entered the protective order in cause number 90–13103 on September 20, 1990. We hold that any variance between the cause numbers alleged in the informations and the cause number proved at trial was not fatal. We overrule the fatal-variance points of error.

## VALIDITY OF THE PROTECTIVE ORDER

■ Finally, Husband argues that the protective order is invalid because it nei-

ther specifically describes Wife's place of employment as required by section 25.-08(a)(3)(A) of the Texas Penal Code nor states that the address was omitted pursuant to section 71.111 of the Texas Family Code. The State replies that the location of Wife's place of employment was properly excluded from the protective order under section 71.111 of the Texas Family Code.

Husband construes section 25.08(a) of the Texas Penal Code and section 71.11(c) to require that the prohibited location, *i.e.,* Wife's place of employment, be specifically described. Section 25.08(a) of the Texas Penal Code makes it an offense to go near the place of employment of a family member *as specifically described in the protective order.* TEX.PENAL CODE ANN. § 25.-08(a) (Vernon Supp.1992). Section 71.11(c) of the Texas Family Code provides that a protective order entered pursuant to sections 71.11(b)(3) and (b)(4) of the Texas Family Code *"shall specifically describe* the prohibited locations and the minimum distances therefrom, if any, that the party must maintain *unless Section 71.111 of this code applies, in which case the order need not disclose the locations."* TEX.FAM. CODE ANN. § 71.11(c) (Vernon Supp.1992) (emphasis added). Section 71.111 provides that *"[o]n the request of a member of a family or household,* the court may exclude from any protective order under this chapter the address and telephone number of … the place of employment or business of a person protected by the order." TEX. FAM.CODE ANN. § 71.111(a)(2) (Vernon Supp. 1992) (emphasis added).

This is not a case in which an ex parte protective order was entered. The undisputed evidence shows that Husband and Wife agreed to the protective order that was entered. Wife testified that Husband's attorney drafted the protective order. The protective order restrained both parties from committing certain acts for one year. When this point was argued to the trial court, the court stated that this was a mutual protective order and that the court, therefore, would infer that the parties agreed to omit the address of Wife's

place of employment or business. This was a reasonable inference from the evidence presented at trial. We find nothing in section 71.111 or any other section of the Texas Family Code that requires the protective order to affirmatively state that certain information has been omitted from the order pursuant to section 71.111(a)(2).[2] We conclude that the address of Wife's place of employment was properly omitted from the agreed protective order pursuant to section 71.111(a)(2) of the Texas Family Code. Exclusion of information from a protective order pursuant to section 71.111 is not a defense to prosecution for violation of that order. TEX.PENAL CODE ANN. § 25.-08(f). We conclude that the protective order is not invalid and that Husband cannot use exclusion of the address as a defense to prosecution for violating the order. We overrule the points of error challenging the validity of the protective order. The trial court's judgments are affirmed.

---

**2.** We do not determine whether the same would be true when a trial court enters an ex parte order.