TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00352-CR






Arlandra C. McClendon, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 435158, HONORABLE DAVID CRAIN, JUDGE PRESIDING 







 Arlandra McClendon appeals from a jury trial conviction for the offense of
violating a Family Code protective order. Tex. Penal Code Ann. § 25.07 (West 1994 & Supp.
1996). The trial court assessed appellant's punishment at confinement in the county jail for 365
days and a fine of $1,000.00. Appellant presents three points of error complaining that the trial
court refused to sever the charged offenses before trial, refused to submit separate verdict forms
to the jury, and erroneously admitted extraneous misconduct evidence. We will affirm the
judgment.

 Appellant argues that two separate offenses were joined in the same information,
and that he was denied his absolute right to a severance of the offenses before trial. Whenever
two or more offenses have been joined for trial, the defendant has the right to a severance of the
offenses. Tex. Penal Code Ann. § 3.04 (West 1994). However, where several ways or methods
of committing an offense are set forth in the same statute, and are subject to the same punishment,
the several ways or methods of committing the offense may be charged conjunctively in one count. Sidney v. State, 560 S.W.2d 679, 681 (Tex. Crim. App. 1978);
Garcia v. State, 537 S.W.2d 930, 932 (Tex. Crim. App. 1976). A count in a charging instrument
may include as many separate paragraphs charging the same offense as necessary. Tex. Code
Crim. Proc. Ann. art. 21.24 (West 1994); see Vaughn v. State, 634 S.W.2d 310, 312 (Tex. Crim.
App. 1982); Zanghetti v. State, 618 S.W.2d 383, 386-87 (Tex. Crim. App. 1981); Quinones v.
State, 592 S.W.2d 933, 944 (Tex. Crim. App. 1980); Dalton v. State, 898 S.W.2d 424, 427
(Tex. App.--Fort Worth 1995, pet. ref'd); Galvan v. State, 699 S.W.2d 663, 666 (Tex.
App.--Austin 1985, pet. ref'd).

 The issue is whether the information charges two methods of committing a single
offense or charges two separate offenses. The judge of Travis County Court at Law Number Two
had issued a family violence protective order (1) against appellant for the protection of Brenda King. 
Although it could have been alleged in one paragraph, the State in two paragraphs alleged that
appellant intentionally and knowingly violated the family violence protective order by (1) seizing
Brenda King's arm and (2) going within two hundred yards of Brenda King's residence. In a
single count of two paragraphs, the State alleged two methods of committing a single offense. 
The information properly alleged the single offense that appellant violated the protective order. 
Appellant's first point of error is overruled.

 In point of error three, appellant contends that the trial court erred in refusing to
submit separate verdict forms for each of the offenses charged. Because only one offense was
charged, the trial court did not err in refusing appellant's request to submit separate verdict forms. 
 Point of error three is overruled.

 In his second point of error, appellant asserts that the trial court erred by admitting
extraneous misconduct evidence that was not admissible for any purpose in violation of the rules
of criminal evidence. Tex. R. Crim. Evid. 404(b). The protective order admitted in evidence
stated: "The court finds that: The parties agree: (1) Family violence has occurred that is likely
to occur in the foreseeable future." The assistant county attorney employed in the county
attorney's protective order division testified that the lawful basis for issuing a family violence
protective order is when family violence has occurred and is likely to occur in the foreseeable
future. Neither the order nor the witness' testimony revealed any specific details of facts or
circumstances concerning the incident on which the protective order was based. Appellant does
not argue that the protective order was not admissible but argues that the recitation in the order
that appellant agreed family violence had occurred should have been redacted from the copy of
the order admitted. He also argues that the assistant county attorney should not have been allowed
to testify concerning the basis for issuance of a protective order. 

 The conclusory statement that family violence had occurred was a statement of the
necessary statutory basis for the issuance of the protective order. Tex. Fam. Code Ann. § 71.10
(West 1986 & Supp. 1996). The foundation of the alleged offense was the appellant's violation
of the protective order. That the order had been lawfully issued was a necessary element of the
offense and that proof was vital to the prosecution of the offense. Patton v. State, 835 S.W.2d
684, 687 (Tex. App.--Dallas 1992, no pet.). The past occurrence of family violence was part of
the context of the offense charged. See Brown v. State, 866 S.W.2d 675, 682 (Tex.
App.--Houston [1st Dist.] 1993, pet. ref'd).

 "An extraneous offense is defined as any act of misconduct, whether resulting in
prosecution or not, that is not shown in the charging papers." Rankin v. State, No. 1019-94, slip
op. at 2 (Tex. Crim. App. Jan. 10, 1996); McDonald v. State, 692 S.W.2d 169, 173 (Tex.
App.--Houston [1st Dist.] 1985, pet. ref'd); Gomez v. State, 626 S.W.2d 113, 114 (Tex.
App.--Corpus Christi 1981, pet. ref'd); Shugart v. State, 796 S.W.2d 288, 294 (Tex.
App.--Beaumont 1990, pet. ref'd); Norman v. State, 862 S.W.2d 621, 627 (Tex. App.--Tyler 1993,
pet. ref'd). The recitation in the order and the testimony concerning the basis for issuing the
protective order were, in view of Rankin, concerned with an act shown in the charging papers and
not an extraneous offense. We hold that the trial court's admission of the protective order without
redaction of the recited basis for its issuance and the testimony concerning the lawful basis for
issuance of a protective order did not, as asserted by appellant, violate rule 404(b). Appellant's
second point of error is overruled.

 The judgment is affirmed.


 

 Carl E. F. Dally, Justice

Before Justices Aboussie, B. A. Smith and Dally* 

Affirmed

Filed: March 27, 1996

Publish




* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   See Tex. Fam. Code Ann. ch. 71 (West 1986 & Supp. 1996).



nt violated the protective order. 
Appellant's first point of error is overruled.

 In point of error three, appellant contends that the trial court erred in refusing to
submit separate verdict forms for each of the offenses charged. Because only one offense was
charged, the trial court did not err in refusing appellant's request to submit separate verdict forms. 
 Point of error three is overruled.

 In his second point of error, appellant asserts that the trial court erred by admitting
extraneous misconduct evidence that was not admissible for any purpose in violation of the rules
of criminal evidence. T