Richard B. LEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–98–00147–CR.

Court of Appeals of Texas,
San Antonio.

Nov. 25, 1998.

John Paul Young, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Before ALMA L. LÓPEZ, Justice PAUL W. GREEN, Justice and SARAH B. DUNCAN, Justice.

## OPINION

ALMA L. LÓPEZ, Justice.

The question before this Court is whether there was sufficient evidence for the trier of fact to find the Appellant, Richard B. Lee, guilty beyond a reasonable doubt for violating a protective order. For the reasons stated in this opinion, we affirm.

### FACTUAL BACKGROUND

On April 8, 1997, Lee and his estranged wife, Robin Harris, agreed to the entry of a protective order. The protective order prohibited Lee from going within 100 yards of Robin Harris, her residence, the individuals listed on Schedule "A", and their respective residences.[1] The residence address listed on the protective order was the address of the apartment complex where Robin Harris resides.

On May 25, 1997, Harris was visiting her mother. Harris and her mother live in the same apartment complex.[2] Lee began banging on the door of his mother-in-law's apartment. The women would not answer the door and the banging ceased. When the

---

1. It was noted that "applicant's place of employment" was stricken since Lee and Robin Harris work together at West Telemarketing.

2. While Harris and her mother live in the same apartment complex, their respective apartments are located more than 100 yards from each other.

banging began again on the door, the women noticed that it was Tony Harris, Robin Harris's brother outside the door with Lee. Harris opened the door for her brother and Lee tried to enter. When this occurred, Tony took Lee to the street to talk and Harris telephoned the police.

When the police arrived, they approached the two men and handcuffed Tony due to his anxious behavior. Harris and her mother came on the scene and explained to the officers that they had the wrong man in custody. Harris showed the officers her protective order against Lee and Lee was taken into custody. Lee was found guilty of violating the protective order and sentenced to pay a $500.00 fine, pay court costs, serve 6 months in jail, which was probated for 2 years, to perform 100 hours of community service, and to attend stress management classes. Lee alleges there was insufficient evidence presented by the State for the trier of fact to find him guilty beyond a reasonable doubt.

## STANDARD OF REVIEW

■ The Appellant, contending that no rational trier of fact could have found him guilty of intentionally violating the protective zone, challenges the legal sufficiency of the evidence. An appellate court must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Little v. State*, 758 S.W.2d 551, 562 (Tex.Crim.App.1988). The standard for reviewing the sufficiency of the evidence on appeal is the same for direct and circumstantial evidence cases. *See Clewis v. State*, 922 S.W.2d 126, 131–132 (Tex. Crim.App.1996). The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *See Bonham v. State*, 680 S.W.2d 815, 819 (Tex. Crim.App.1984). The State must prove the allegations beyond a reasonable doubt. *See* TEX. PEN.CODE ANN. § 2.01 (Vernon 1994). Lee has the burden to prove an affirmative defense by a preponderance of evidence. *See* TEX. PEN.CODE ANN. § 2.04(d) (Vernon 1994).

## DISCUSSION

■ Lee contends that since he was not near the Harris apartment that no rational trier of fact could have found him guilty of intentionally violating the zone of protection afforded Harris by the protective order. In order to prove a violation of a protective order, the State has to prove the existence of a valid order. *See Rohrscheib v. State*, 934 S.W.2d 909, 911 (Tex.App.—Houston [1st Dist.] 1996, no writ). In the instant case the State established that the protective order met all the necessary elements.

■ The elements of a protective order violation to be alleged in the information are: a person, in violation of an order issued under sections 3.581, 71.11, or 71.12 of the Texas Family Code, knowingly or intentionally, (1) commits family violence, or (2) directly communicates with a protected individual or a member of the family or household in a threatening or harassing manner, or (3) goes to or near the residence or place of employment or business of a protected individual or a member of the family or household. *See* TEX. PENAL CODE ANN. § 25.07 (Vernon 1996). The State has shown that Lee agreed to the terms of the protective order. The protective order itself prohibits Lee from going within 100 yards of the Harris residence. Harris and her mother both live in the same apartment complex and the street address of the apartment complex is listed for the Harris residence without specifying any individual apartment number. Therefore, since the protective order listed the apartment complex address for the Harris residence, Lee would be guilty of violating the protective order if he came within 100 yards of the apartment complex. The protective order was "agreed to" by Lee. He, therefore, knew of the order and knowingly violated it when he went to the apartment complex.

## CONCLUSION

Lee's issue is overruled and the judgment of the trial court is affirmed.

DUNCAN, J., concurring in the judgment only.