MEMORANDUM OPINION




No. 04-02-00727-CR



Roy MORENO,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law No. 7, Bexar County, Texas


Trial Court No. 803110


Honorable Bill White, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Sarah B. Duncan, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: July 16, 2003 


AFFIRMED

 Roy Moreno ("Moreno") was convicted of violation of a protective order after a bench trial.
Moreno contends the evidence is legally and factually insufficient to support his conviction. Because
the issues in this appeal are settled by existing precedent, we affirm the trial court's judgment in this
memorandum opinion. See Tex. R. App. P. 47.4.

1. In his first issue, Moreno contends that the evidence is legally insufficient to support his
conviction because the information charged him with violating a protective order of the 150th District
Court of Bexar County, Texas, issued in Cause Number 1999 CI 11564, but no evidence was
introduced to prove the number of the court that issued the protective order or the cause number in
which it was issued. In Gollihar v. State, the Texas Court of Criminal Appeals overruled surplusage
law and the Burrell exception (1) and reaffirmed the fatal variance doctrine. 46 S.W.3d 243, 256-57
(Tex. Crim. App. 2001). A variance between the wording of an information and the evidence
presented at trial will be fatal only if: (1) the information fails to inform the defendant of the charge
against him sufficiently to allow him to prepare an adequate defense; or (2) prosecution under the
deficiently drafted information would subject the defendant to the risk of being prosecuted later for
the same crime. 46 S.W.3d at 257; see also Sisk v. State, 74 S.W.3d 893, 897 (Tex. App.--Fort
Worth 2002, no pet.). Although the State was required to prove the existence of a protective order,
section 25.07 of the Texas Penal Code does not require the State to prove the number of the court
that issued the protective order or the cause number in which the order was issued. See Tex. Pen.
Code Ann. § 25.07 (Vernon Supp. 2003); Lee v. State, 983 S.W.2d 77, 78 (Tex. App.--San Antonio
1998, no pet.). Moreno's testimony proved that he knew about the protective order that he was
alleged to have violated. The failure to prove the court number and cause number is not a material
or fatal variance. See Gollihar, 46 S.W.3d 256 n.21 (noting that if allegation is not essential to
constitute offense and might be omitted from information, variance will rarely meet materiality test).
Moreno's first issue is overruled.

2. In his second issue, Moreno contends that the evidence is factually insufficient to prove that
he violated the protective order by communicating directly with Priscilla Garcia, the protected
individual, in a threatening or harassing manner. In reviewing factual sufficiency, we look at all of
the evidence in a neutral light, and will reverse only if the evidence supporting guilt is so obviously
weak as to render the conviction clearly wrong and manifestly unjust, or if that evidence, although
adequate when taken alone, is so greatly outweighed by the overwhelming weight of contrary
evidence as to render the conviction clearly wrong and manifestly unjust. Vasquez v. State, 67
S.W.3d 229, 236 (Tex. Crim. App. 2002). Although we have some authority to disregard evidence
that supports the verdict, we must be appropriately deferential so as to avoid substituting our own
judgment for that of the fact finder and we must not substantially intrude upon the fact finder's role
as the sole judge of the weight and credibility of witness testimony. Id.

 Garcia testified that Moreno left an "ugly" message on her voice mail stating that he was
going to hurt her like he had before and that she "was going to pay for whatever [she had] done to
him and he was going to hurt [her] child. Both [her] children." Garcia testified that she contacted
the police because she was afraid. Garcia testified that she played the message for the investigating
officer, but the investigating officer could not recall hearing the message. The investigating officer's
report was lost and had to be replaced. Moreno testified that he did not call Garcia. Two individuals
that lived at the same address as Moreno also testified that Moreno had not called Garcia, but the two
individuals also admitted that they were not present at the house all the time that Moreno was
present.

 The trial judge assessed the credibility of the witnesses and believed that Moreno left a voice
mail message that threatened Garcia. See Patton v. State, 835 S.W.2d 684, 686 (Tex. App.--Dallas
1992, no pet.) (noting person threatens another when he declares intent to inflict injury or indicates
probable evil to come). In addition, telephone contact is a sufficient direct communication for
purposes of section 25.07. See Patton, 835 S.W.2d at 687 (holding evidence sufficient to prove
violation of protective order based on threatening or harassing telephone calls); see also Lemaire v.
State, No. 05-97-00290-CR, 1999 WL 57956, at *3-4 (Tex. App.--Dallas Feb. 9, 1999, pet. ref'd)
(not designated for publication) (rejecting contention that jury should be charged that direct
communication does not include telephone calls and messages). Moreno's second issue is overruled.

 The trial court's judgment is affirmed.

 Alma L. López, Chief Justice


DO NOT PUBLISH


1. The Burrell exception provided that where an extra or unnecessary allegation is descriptive of that which is
legally essential to charge a crime, the State must prove it as alleged though needlessly pled. Gollihar, 46 S.W.3d at
250 (attributing exception to Burrell v. State, 526 S.W.2d 799 (Tex. Crim. App. 1975)).