02-10-133-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00133-CR

 

 


 
 
 John Michael Henscheid
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE County
Court at Law OF Cooke COUNTY

------------

MEMORANDUM
OPINION[1]

----------

          The
trial court convicted Appellant John Michael Henscheid of violating a
protective order, assessed punishment at confinement in the county jail for 180
days, suspended this sentence, and ordered community supervision for a period
of 365 days.  Appellant challenges the sufficiency of the evidence to support
his conviction.  We affirm.

Factual
Background

          Incident
to divorce proceedings between Appellant and Rose Mary Henscheid, the trial
court issued a protective order on April 2, 2009, prohibiting Appellant from,
among other things, communicating with Rose Mary in a threatening or harassing manner
or communicating in any manner with Rose Mary except through his attorney or a
person appointed by the court.

          On
October 15, 2009, Rose Mary parked her car in front of Acme Dry Cleaners, and
as she exited her car, Appellant pulled up behind her car, blocking her in.  He
rolled down the window, smiled at her, laughed, and said, “I just wanted to say
hi.”  Visibly shaken, Rose Mary hurried into the dry cleaners and remained
there until Appellant left a few minutes later.

          Appellant
was charged by information with a violation of the protective order.  The
information accused Appellant of “intentionally and knowingly communicating
directly with Rosemary [sic] Henscheid, a member of the family, in a
threatening or harassing manner, to wit: defendant communicated directly with
Rosemary [sic] Henscheid and not through her attorney or a person appointed by
the court.”  Appellant requested a bench trial and pleaded not guilty before
the court.

Testimony

          Three
witnesses testified at trial:  Rose Mary, the complainant; Tracy McCain, the
clerk at Acme Dry Cleaners; and the responding officer.  Rose Mary testified
that she obtained a protective order against her husband because of his
explosive behavior and because he had threatened to kill her and put her in a
wooden box at the bottom of Muenster Lake.  She further testified that she
first saw Appellant at the cleaners on October 15, 2009, after she parked in
the parking lot and got out of the car.  She described how he pulled his truck
directly behind her and blocked her vehicle in.  She testified that she felt
threatened and became scared when Appellant rolled down his window, laughed,
smiled, and said hi.  Rose Mary explained that she felt threatened and
frightened by his presence at the cleaners because of his threats to her in the
past and the fact that he seemed to believe he could do whatever he wanted despite
the protective order.

          McCain,
the clerk at the cleaners, testified that when Rose Mary entered the business
she looked terrified and was very pale and shaking.  McCain saw the truck
directly behind Rose Mary’s car and testified that the truck was blocking Rose
Mary’s car from leaving.  Although McCain did not see the driver of the truck
or hear anything that had been said, she saw that the window of the truck was
rolled down.  McCain testified that she asked Rose Mary if she should call the
police and that Rose Mary did not respond for two to three minutes, but ultimately
agreed that she should.  The responding officer described Rose Mary as
startled, shaking, upset, and frightened.

Sufficiency
of the Evidence

          In
his first two issues, Appellant argues that the evidence is legally and
factually insufficient.  In his third issue, Appellant contends, without
authority, that his words cannot be considered harassing as a matter of law.  We
first note that it is well established that a threat “can be conveyed in more
varied ways than merely a verbal manner.”  McGowan v. State, 664 S.W.2d
357, 359 (Tex. Crim. App. 1984).  Thus, we overrule Appellant’s third issue. 
As to Appellant’s first and second issues, in light of the holding in Brooks
v. State that there is no meaningful distinction between the legal
sufficiency standard and the factual sufficiency standard, we will evaluate the
first two issues only under a legal sufficiency standard.  See Brooks
v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

          In
reviewing the sufficiency of the evidence to support a conviction, we view all
of the evidence in the light most favorable to the prosecution in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007).        In a bench trial, the trial
judge, as the trier of fact, is the exclusive judge of the credibility of the
witnesses and the weight to be given to their testimony.  Brown v. State,
270 S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct.
2075 (2009).  Thus, when performing a legal sufficiency review, we may not
re-evaluate the weight and credibility of the evidence and substitute our
judgment for that of the fact finder.  Williams v. State, 235 S.W.3d
742, 750 (Tex. Crim. App. 2007).

          Appellant
contends that the evidence is legally insufficient to support his conviction
because the State did not prove that he communicated in a threatening and
harassing manner as alleged in the information.  A person threatens another when
he declares an intent or determination to inflict injury or loss or indicates
probable evil, violence, or loss to come.  Patton v. State, 835 S.W.2d
684, 687 (Tex. App.—Dallas 1992, no pet.).  A person harasses another when he
persistently disturbs, bothers continually, or pesters that person.  Patton,
835 S.W.2d at 687.  The information in this case further alleged that Appellant
violated the protective order by communicating directly with the complainant
and not through her attorney or a person appointed by the court.  See
Tex. Penal Code Ann. § 25.07(a)(2) (Vernon Supp. 2010).  We hold that the
evidence is sufficient to support the trier of fact’s finding, beyond a
reasonable doubt, that the manner in which Appellant communicated to Rose Mary
was harassing, that Appellant communicated directly with Rose Mary and not
through his attorney or a person appointed by the court, and that Appellant
intentionally violated a protective order.  We overrule Appellant’s first and
second issue and affirm the trial court’s judgment.

 

 

 

LEE GABRIEL

JUSTICE

 

PANEL: 
GARDNER,
WALKER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 14, 2011









[1]See Tex. R. App. P. 47.4.