

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00133-CR

JOHN MICHAEL HENSCHEID                                        APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

### FROM THE COUNTY COURT AT LAW OF COOKE COUNTY

------------

## MEMORANDUM OPINION[1]

----------

The trial court convicted Appellant John Michael Henscheid of violating a protective order, assessed punishment at confinement in the county jail for 180 days, suspended this sentence, and ordered community supervision for a period of 365 days.  Appellant challenges the sufficiency of the evidence to support his conviction.  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Factual Background

Incident to divorce proceedings between Appellant and Rose Mary Henscheid, the trial court issued a protective order on April 2, 2009, prohibiting Appellant from, among other things, communicating with Rose Mary in a threatening or harassing manner or communicating in any manner with Rose Mary except through his attorney or a person appointed by the court.

On October 15, 2009, Rose Mary parked her car in front of Acme Dry Cleaners, and as she exited her car, Appellant pulled up behind her car, blocking her in. He rolled down the window, smiled at her, laughed, and said, "I just wanted to say hi." Visibly shaken, Rose Mary hurried into the dry cleaners and remained there until Appellant left a few minutes later.

Appellant was charged by information with a violation of the protective order. The information accused Appellant of "intentionally and knowingly communicating directly with Rosemary [sic] Henscheid, a member of the family, in a threatening or harassing manner, to wit: defendant communicated directly with Rosemary [sic] Henscheid and not through her attorney or a person appointed by the court." Appellant requested a bench trial and pleaded not guilty before the court.

## Testimony

Three witnesses testified at trial: Rose Mary, the complainant; Tracy McCain, the clerk at Acme Dry Cleaners; and the responding officer. Rose Mary testified that she obtained a protective order against her husband because of his explosive behavior and because he had threatened to kill her and put her in a wooden box at the bottom of Muenster Lake. She further testified that she first saw Appellant at the cleaners on October 15, 2009, after she parked in the

2

parking lot and got out of the car. She described how he pulled his truck directly behind her and blocked her vehicle in. She testified that she felt threatened and became scared when Appellant rolled down his window, laughed, smiled, and said hi. Rose Mary explained that she felt threatened and frightened by his presence at the cleaners because of his threats to her in the past and the fact that he seemed to believe he could do whatever he wanted despite the protective order.

McCain, the clerk at the cleaners, testified that when Rose Mary entered the business she looked terrified and was very pale and shaking. McCain saw the truck directly behind Rose Mary's car and testified that the truck was blocking Rose Mary's car from leaving. Although McCain did not see the driver of the truck or hear anything that had been said, she saw that the window of the truck was rolled down. McCain testified that she asked Rose Mary if she should call the police and that Rose Mary did not respond for two to three minutes, but ultimately agreed that she should. The responding officer described Rose Mary as startled, shaking, upset, and frightened.

## Sufficiency of the Evidence

In his first two issues, Appellant argues that the evidence is legally and factually insufficient. In his third issue, Appellant contends, without authority, that his words cannot be considered harassing as a matter of law. We first note that it is well established that a threat "can be conveyed in more varied ways than merely a verbal manner." *McGowan v. State*, 664 S.W.2d 357, 359 (Tex. Crim. App. 1984). Thus, we overrule Appellant's third issue. As to Appellant's first and second issues, in light of the holding in *Brooks v. State* that there is no meaningful distinction between the legal sufficiency standard and the factual

3

sufficiency standard, we will evaluate the first two issues only under a legal sufficiency standard. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In a bench trial, the trial judge, as the trier of fact, is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

Appellant contends that the evidence is legally insufficient to support his conviction because the State did not prove that he communicated in a threatening and harassing manner as alleged in the information. A person threatens another when he declares an intent or determination to inflict injury or loss or indicates probable evil, violence, or loss to come. *Patton v. State*, 835 S.W.2d 684, 687 (Tex. App.—Dallas 1992, no pet.). A person harasses another when he persistently disturbs, bothers continually, or pesters that person. *Patton*, 835 S.W.2d at 687. The information in this case further alleged that Appellant violated the protective order by communicating directly with the complainant and not through her attorney or a person appointed by the court.

4

*See* Tex. Penal Code Ann. § 25.07(a)(2) (Vernon Supp. 2010). We hold that the evidence is sufficient to support the trier of fact's finding, beyond a reasonable doubt, that the manner in which Appellant communicated to Rose Mary was harassing, that Appellant communicated directly with Rose Mary and not through his attorney or a person appointed by the court, and that Appellant intentionally violated a protective order. We overrule Appellant's first and second issue and affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 14, 2011