

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00038-CR

**DEREK SHANE PERRY,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

### From the County Court at Law No 2
### Johnson County, Texas
### Trial Court No. M201000150

## MEMORANDUM OPINION

The State filed an information charging Derek Shane Perry with seven counts of violation of a protective order. The jury convicted Perry on Counts Six and Seven. The trial court assessed punishment at confinement for one year and a $700.00 fine but suspended imposition of the sentence and placed Perry on community supervision for two years. Perry raises two issues: (1) the trial court erred in denying his motion to quash; and (2) the evidence is insufficient to support his conviction. We will affirm.

Perry filed a motion to quash the information alleging that the State failed to

inform him of the charges against him with such particularity as to enable him to prepare a defense to the charges. Count Six of the information stated:

> Derek Shane Perry … on or about the 27th day of January, 2010 … did then and there intentionally and knowingly violate the terms of a protective order … by intentionally communicating directly with Amanda Perry, a member of the family or household described in said protective order, in a threatening or harassing manner, to wit: causing Amanda Perry's telephone to ring multiple times.

Count Seven was the same except for the date (January 28, 2010).

The Texas and United States Constitutions grant a criminal defendant the right to fair notice of the specific charged offense. *State v. Barbernell*, 257 S.W.3d 248, 250 (Tex. Crim. App. 2008). The charging instrument must convey sufficient notice to allow the accused to prepare a defense. *Id.* An information is sufficient if it

> charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment.

TEX. CODE CRIM. PROC. ANN. art. 21.11 (West 2009); *see id.* art. 21.23 ("The rules with respect to allegations in an indictment and the certainty required apply also to an information."); *see also id.* art. 21.21(7) ("An information is sufficient if it has the following requisites: (7) That the offense be set forth in plain and intelligible words"). An indictment or information normally provides sufficient notice if it tracks the language of the statute. *Olurebi v. State*, 870 S.W.2d 58, 62 (Tex. Crim. App. 1994). A charging instrument should be read as a whole in determining whether it sufficiently charges an offense. *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988). We

review de novo a trial court's ruling on a motion to quash. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

In analyzing whether a charging instrument provides adequate notice, we engage in a two-step analysis. *Barbernell*, 257 S.W.3d at 255. First, a court must identify the elements of an offense. Next, when the Legislature has defined an element of the offense that describes an act or omission, a court must ask whether the definitions provide alternative manners or means in which the act or omission can be committed. *Id*. If this second inquiry is answered in the affirmative, a charging instrument will supply adequate notice only if, in addition to setting out the elements of an offense, it also alleges the specific manner and means of commission that the State intends to rely on at trial. *Id.*

A person commits the offense of violation of an order issued under Article 6.08 of the Code of Criminal Procedure if the person intentionally or knowingly communicates directly with a protected individual in a threatening or harassing manner. TEX. PENAL CODE ANN. § 25.071(a)(2)(A) (West 2009). The information tracked the language of section 25.071 and sets out the elements of the offense. Harassment is not defined in the statute. The information provided Perry notice that he committed the offense by repeatedly causing Amanda Perry's phone to ring on or about the dates specified. We find that the information provided Perry adequate notice to prepare a defense. The language in the information concerning Perry's conduct is not so vague or indefinite as to deny him effective notice of the acts he allegedly committed. *See DeVaughn*, 749 S.W.2d at 67. We overrule the first issue.

In his second issue, Perry argues that the evidence is insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert. denied*, ___ U.S. ___, 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326. Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties.

*Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Derek Perry and Amanda Perry were divorced in 2004 and were named joint managing conservators of their daughter. In 2008, Amanda obtained a protective order prohibiting Derek from communicating directly with her in a threatening or harassing manner, or indirectly communicating a threat through any person to Amanda or to a member of the family or household.

Derek's telephone records for January 27 and 28, 2010 were in evidence. Amanda testified at trial that Derek called her phone over 40 times between 4:09 p.m. and midnight on January 27, 2010, and 155 times on January 28, 2010. Amanda further testified that Derek called her 19 times within 16 minutes. Amanda did not answer all of the phone calls. Amanda testified that Derek would leave voice-mail messages and that "the voice mails consisted of him blowing into the phone so that he would occupy the voice mail space so that no one else could leave a voice mail." Amanda spoke to Derek on one of the calls and asked him to stop calling her. The record shows that Derek called Amanda's phone 167 times in a period of 17 hours on the days of January 27 and 28.

Derek argues that the evidence is insufficient to show that he communicated directly with Amanda or that he communicated with Amanda in a threatening or harassing manner. Derek contends that causing Amanda's phone to ring is not evidence of direct communication. Telephone communication has been found to be sufficient direct communication for purposes of section 25.071. *Moreno v. State*, No. 04-02-00727, 2003 WL 21658594, at *2 (Tex. App.—San Antonio 2003, no pet.) (mem. op.,

not designated for publication) (citing *Patton v. State*, 835 S.W.2d 684, 687 (Tex. App.—Dallas 1992, no pet.)). In *Patton*, the defendant continuously called his wife at work, and his wife hung up the phone. The court found that a rational factfinder could find that the defendant, in these telephone calls, persistently disturbed, continually bothered, or pestered his wife. *Patton*, 835 S.W.2d at 687.

Derek next argues that the evidence is insufficient to show that he caused Amanda's phone to "ring" multiple times because Amanda testified that her phone was at times on silent or "vibrate." Amanda testified that her phone rang or vibrated numerous times on January 27 and 28. She further stated that she had to turn the ringer off at times because Derek called continuously.

Derek further argues that there is insufficient evidence to show he had the requisite criminal intent to commit the offense. Derek contends that his attempted communication with Amanda concerned their child and was not intended to harass or threaten her. Amanda testified that she spoke with Derek on January 27 and told him their child was safe. The record shows that Derek called 167 times in 17 hours. Derek left voice mail messages, but these messages did not seek information about the welfare of the child. We find that a rational fact finder could have found that Derek committed the offense of violation of a protective order. We overrule the second issue.

We affirm the trial court's judgment.


          REX D. DAVIS
          Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed August 30, 2012
Do not publish
[CR25]