**Kenneth Suragune JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–93–00046–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 9, 1993.

Judy Mingledorff, Houston, for appellant.

John B. Holmes, Jr., Scott Durfee, Houston, for appellees.

Before COHEN, HEDGES and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

Appellant, Kenneth Suragune Johnson, was convicted of theft after a trial before the court. After pleading true to two enhancement paragraphs, the trial court assessed punishment at 25–years confinement. We reverse.

In three points of error, appellant asserts the evidence was insufficient to support the conviction for theft because the State failed to prove essential elements of the offense charged.[1] A summary of the evidence, viewed in the light most favorable to the judgment, follows.

---

1. Specifically, appellant argues that the State failed to prove (1) that the alleged property was stolen; (2) that the property was stolen from J.R. Foster; and (3) that the property was stolen by a person whose name was unknown.

·An informant told an officer in the Houston Police Department that appellant was buying and selling stolen property. An undercover officer arranged for a meeting with appellant, and he showed appellant property he needed to sell. Appellant told the officer that he had a friend by the name of Calvin who would purchase the property. He also told the officer that Calvin would purchase as many fax machines and computers as the officer could get. The officer agreed to pay appellant $50 for every unit the officer sold through appellant.

As a result of appellant's representations, the officer arranged to borrow three new computers from IBM to use in a sting operation against appellant. IBM's safety and security coordinator, J.R. Foster, arranged for the police department to use the computers. Upon completion of the sting, the computers were to be returned to IBM.

On May 21, 1992, the undercover officer arrived at appellant's home with the computers. The officer was wired with a hidden microphone and represented to appellant that the computers were stolen. Appellant paged Calvin, and arranged a meeting at a local auto detail shop. Although appellant and the officer waited at the detail shop for Calvin to arrive, he did not show up.

Appellant and the officer returned to appellant's home where appellant paged a woman named Tammy Foreman to see if she was interested in purchasing the computers. When Foreman arrived at appellant's home, the officer and appellant followed her back to the detail shop in the officer's vehicle. Again, the officer, appellant, and now Foreman, waited for Calvin to arrive.

When Calvin failed to appear, Foreman agreed to purchase the computers herself. Appellant and the officer moved the computers from the officer's vehicle to Foreman's vehicle. After Foreman paid the officer $300 for the computers, appellant and Foreman were arrested.

Appellant was charged with the offense of theft in an indictment that tracked the statutory language of Tex.Penal Code Ann. § 31.-03(a) and (b)(2) (Vernon 1989)[2] (theft by receiving):

> [I]n Harris County, Texas, KENNETH SURAGUNE JOHNSON hereafter styled the Defendant, heretofore on or about MAY 21, 1992, did then and there unlawfully and with intent to deprive the owner of the property, appropriate stolen property of the value of over seven hundred fifty dollars and under twenty thousand dollars by acquiring and exercising control over property other than real property, to wit: three computers, the said property having been stolen from J.R. FOSTER, by a person whose name is unknown, knowing that it was stolen by another.

At the close of trial, the judge questioned the State about whether a sting operation could be pled in an indictment in the same manner as a non-sting operation, and about whether an appellate court had approved this specific form of such an indictment. During this discussion, the following exchange took place:

> THE COURT: I'm reading B–2, this property was not stolen.

> [PROSECUTOR]: If I may make an argument, there is no case on point that says in a sting operation that the State has to allege anything differently than in Section 2, that notice was given to the defendant of what he's charged with and that the stolen goes to the defendant's state of mind and his mens rea at the time of the transfer.

> THE COURT: The answer to the question that I had asked is that the Appellate Court has not previously decided.

---

2. Tex.Penal Code Ann. § 31.03(a) and (b) reads in relevant part:
   (a) A person commits an offense if he unlawfully appropriates property with the intent to deprive the owner of property.
   (b) Appropriation of property is unlawful· if:
   (1) it is without the owner's effective consent;
   (2) the property is stolen and the actor appropriates the property knowing it was stolen from another; or
   (3) property in the custody of any law enforcement agency was explicitly represented by an law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another.

[PROSECUTOR]: My research indicates that.

. . . . .

[DEFENSE COUNSEL]: I guess, slightly subpoint to that, the State's evidence has to be the contrary of the indictment in that the State alleged this property was stolen, their evidence showed it was not at any time stolen.

THE COURT: Okay. Again I understand exactly where you are coming from on it. And I hope since there is no law on it, that the Appellate Court down the line will give us some instructions in that regard, because I'm going to overrule you and I will insert a comma after the word "Foster," and the word "by." It being obvious that's what the indictment meant and that that's purely a clerical error.

Whether or not a sting operation can be pled in this manner, the Appellate Court is going to have to give us instruction on it.

Because the police were engaged in a sting operation, appellant argues that the alleged theft should have been charged under TEX.PENAL CODE ANN. § 31.03(b)(3) rather than TEX.PENAL CODE ANN. § 31.03(b)(2). Appellant asserts that the State was bound to prove the offense as pled, and its failure to do so requires reversal.

Although the State concedes that it mispled the offense, it argues that (1) there was sufficient evidence of appellant's guilt under section 31.03(b)(3); (2) the trial court's discussion of the evidence at the conclusion of the trial shows that appellant was convicted under section 31.03(b)(3); and (3) appellant waived the pleading defect in the indictment by not objecting before trial.

■ In deciding whether the evidence in a bench trial is sufficient to support appellant's conviction, we must determine whether the State proved the allegations in the indictment. *See Toliver v. State*, 828 S.W.2d 286, 288 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). If there is a variance between the allegations and the proof, the evidence may be insufficient to support the conviction. *Toliver*, 828 S.W.2d at 288.

■ In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the judgment. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after viewing the entire body of evidence in the light most favorable to the judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The standard of review is the same for both direct and circumstantial evidence. *Geesa v. State*, 820 S.W.2d 154, 162 (Tex.Crim.App. 1991); *Sutherlin v. State*, 682 S.W.2d 546, 548–49 (Tex.Crim.App.1984).

■ It is well settled that in order to *plead* the offense of theft, the State need only allege the elements of the offense set forth in TEX.PENAL CODE ANN. § 31.03(a). *Chavez v. State*, 843 S.W.2d 586, 588 (Tex. Crim.App.1992); *McClain v. State*, 687 S.W.2d 350, 355 (Tex.Crim.App.1985). Specifically, the State need allege only that the accused has appropriated property unlawfully with the intent to deprive the owner of it. *Chavez*, 843 S.W.2d at 588. The manner by which the accused came to possess the property—whether by initially taking it from the owner, by subsequently receiving it from someone who took it from the owner, or by receiving it from the police believing it to be stolen—is not an essential element of theft. *Id.*; *Flowers v. State*, 815 S.W.2d 724, 727 (Tex.Crim.App.1991); *McClain*, 687 S.W.2d at 355. The definitions of "unlawfully appropriate" under TEX.PENAL CODE ANN. § 31.-03(b) are merely evidentiary matters that need not be pled in order to sufficiently charge the offense of theft. *Flowers*, 815 S.W.2d at 727; *Berg v. State*, 747 S.W.2d 800, 809 (Tex.Crim.App.1984).

Nevertheless, while it is not necessary to plead the manner by which the accused came to possess the property under section 31.-03(b), the Court of Criminal Appeals has held that the actual pleading of these matters commits the State to prove them at trial.

*Chavez,* 843 S.W.2d at 588; *Flowers,* 815 S.W.2d at 727.

The State argues that the indictment states the offense of theft under section 31.03, and the State should not be limited by the particularized allegations of theft within the indictment, because the appellant did not make a timely objection. Citing *Studer v. State,* 799 S.W.2d 263, 268 (Tex.Crim.App. 1990), the State argues that TEX.CODE CRIM. P.ANN. art. 1.14(b) (Vernon Supp.1993)[3] closed the door to appeals based on erroneously pled indictments, and appellant should not be allowed to seek a reversal from the back door, through a sufficiency of the evidence review.

It is true that under article 1.14(b), the *failure to allege an essential element* of an offense in an indictment, although a defect of substance, must be objected to before trial, or the defect is waived. *Studer,* 799 S.W.2d at 268. In the present case, however, the essential elements of theft were pled. We find no authority to support the contention that article 1.14(b) forecloses appeal in the absence of an objection when the State has overpled the offense, thereby heightening its burden of proof.

The language of the State's indictment alleged theft by receiving under section 31.03(b)(2). The State, therefore, had the burden to prove appellant committed the offense of theft by receiving under section 31.03(b)(2). The evidence established that the computers were not stolen, but were borrowed for the sting operation. The evidence was insufficient to support appellant's conviction. Accordingly, we sustain appellant's three points of error.

We reverse the judgment and order a judgment of acquittal.

---

**3.** TEX.CODE CRIM.P.ANN. art. 1.14 states in relevant part:

  (b) If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and may not raise the objection on appeal or in any other post-conviction proceeding. Nothing in this article prohibits a trial court from requiring that an objection to the indictment or information be made at an earlier time in compliance with Article 28.01 of this code.