**Dan Jay ROHRSCHEIB, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–01139–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 5, 1996.

Stephen A. Doggett, Richmond, for appellant.

John Healey, John H. Harrity, Richmond, for appellee.

Before WILSON, HUTSON–DUNN and ANDELL, JJ.

## OPINION

WILSON, Justice.

Appellant, Dan Jay Rohrscheib, was charged by information for violating a 1993 protective order. At trial, after the State rested, appellant's motion for an instructed verdict was denied. A jury found appellant guilty and the trial court sentenced him to 180 days in jail. In three points of error, appellant argues the evidence presented to the trial court was insufficient to support the verdict. We reverse and render judgment of acquittal.

Appellant and the complainant were divorced in June of 1994. At the time of divorce, the couple had one son. In 1993, the complainant obtained a protective order against her husband. Because the protective order expired as a matter of law one year after its issuance,[1] another order was obtained after a hearing in 1994 and again on April 25, 1995. All orders were similar, except the 1995 protective order no longer allowed appellant to contact his estranged wife regarding child visitation. Specifically, the 1995 protective order prohibited appellant from doing the following:

> Respondent shall not commit family violence.
> Respondent shall not communicate with JERRI JACOBS or any other family member of Applicant, except in writing.
> Respondent shall not have any contact with Applicant in person.
> Respondent shall not go to or near the residence or any place where JERRI JACOBS or any other family member of Applicant may be located. Respondent shall not go near the home located at 2514 Gladys, Beaumont, Jefferson County, Texas, and Respondent's place of employment ... and Respondent shall maintain a distance of no less than 500 feet from Applicant.

On July 26, 1995, appellant went to his mother-in-law's house where his wife and son were living. When he arrived, his wife, son, and mother-in-law were all present. The appellant's wife and mother-in-law saw and heard appellant ring the front doorbell and knock on the back door. After 10 to 15 minutes, appellant's wife called the police. The police arrived shortly thereafter and arrested appellant for violating a protective order.

In point of error one, appellant argues the evidence was insufficient to prove a violation of a 1993 protective order as pled in the information. The State argues appellant has waived review of this issue because he did not properly object to the information. We hold appellant did preserve error by moving for an instructed verdict at the close of the State's evidence. A motion for an instructed verdict is an attack on the legal sufficiency of the evidence. *Madden v. State*, 799 S.W.2d 683, 687 (Tex.Crim.App.1991); *Ellis v. State*, 714 S.W.2d 465, 471 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd). Additionally, this Court has stated that in the absence of a proper objection, an appeal is not foreclosed when the State has overpled its offense. *Johnson v. State*, 867 S.W.2d 134, 138 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd).

In reviewing the sufficiency of the evidence, this Court views the evidence in the light most favorable to the judgment to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Turner v. State*, 805 S.W.2d 423, 427 (Tex.Crim. App.), *cert. denied*, 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). This Court's sufficiency analysis must consider the crime for which the defendant was charged in the indictment. *Fisher v. State*, 887 S.W.2d 49, 53 (Tex.Crim.App.1994).

In the information, appellant was charged with the July 26, 1995 violation of a protective order issued on April 24, 1993. Appel-

---

1. TEX. FAM.CODE ANN. § 71.13(a) (Vernon 1996).

lant argues the State failed to present any evidence that he violated a 1993 protective order. Moreover, according to appellant, there has been no violation as a matter of law, because a protective order cannot exceed one year. TEX. FAM.CODE ANN. § 71.13(a) (Vernon 1996).

■ The elements of a protective order violation to be alleged in the information are: (1) a person, (2) in violation of an order issued under sections 3.581, 71.11 or 71.12 of the Texas Family Code, (3) knowingly or intentionally, (4) commits family violence, or (5) directly communicates with a protected individual or a member of the family or household in a threatening or harassing manner, or (6) goes to or near the place of employment of a member of the family or household. *See* TEX. PENAL CODE ANN. § 25.07 (Vernon 1996); *Patton v. State,* 835 S.W.2d 684, 687 (Tex.App.—Dallas 1992, no pet.). To obtain a conviction for violation of a protective order, the State had to prove the existence of a valid order and the necessary elements, but it did not have to prove the date on which it was issued. *See id.* at 687–88 (the State was not required to prove the case number in which the order was entered). The State properly pled the essential elements, but it also unnecessarily included the date of the order's issuance. Once the State pled the year of the original protective order, 1993, the State was bound to prove a violation of a 1993 protective order. *See Johnson,* 867 S.W.2d at 137.

The State argues it presented sufficient evidence that proves the 1993 protective order was renewed, and thus valid on July 26, 1995. This argument is without merit, because once the State pled the date of the protective order, it was bound to prove the date as alleged. *See id.* The State presented no evidence of a 1993 protective order. A copy of the 1995 protective order was introduced into evidence as State's exhibit 1, and there was testimony regarding the 1995 protective order. No proof was presented, however, as to the 1993 order that was pled in the information. Additionally, in contrast to the State's contentions, protective orders are

not renewed or continued. Although the ultimate effect may be that the new protective order is essentially the same as the one expired, protective orders must be separately and distinctly issued after a hearing, each complying with the proper Family Code provisions.[2] Here, assuming appellant's wife followed correct procedures in obtaining valid protective orders in 1994 and again in 1995, it was improper for the State to plead a 1993 protective order and present proof regarding a 1995 order. Moreover, the State's argument of "renewed or continued protective orders" is further flawed because the 1993 order and the 1995 order were not identical. The 1995 order omitted language allowing contact between appellant and his wife concerning child visitation. Further, the charge presented to the jury asked them to consider a violation of the 1993 order, and not the 1995 order.

■ In conclusion, we hold appellant did not commit the crime alleged by the State as a matter of law. As previously stated, protective orders are valid for a time period not to exceed one year. TEX. FAM.CODE ANN. § 71.13(a) (Vernon 1996). By its very nature, a protective order automatically expires one year after its issuance. As the State erroneously pled in the information, on July 26, 1995, it was legally impossible for appellant to violate a protective order issued in 1993.

Because the lower court committed reversible error, we need not address the remaining points of error. We reverse and render judgment of acquittal.

---

**2.** For proper statutory procedures regarding the application and hearing for a protective order see TEX. FAM.CODE ANN. §§ 71.04–.09 (Vernon 1996).