Opinion Issued July 17, 2003


 










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00986-CR
____________

LAZARO HERNANDEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court 
Harris County, Texas
Trial Court Cause No. 914099




MEMORANDUM OPINION
          Appellant, Lazaro Hernandez, was convicted of violating a magistrate’s order
for emergency protection (“Order”), and the trial court assessed punishment at three
years’ confinement. See Tex. Pen. Code Ann. § 25.07 (Vernon 2003); Tex. Code
Crim. Proc. Ann. art. 17.292 (Vernon Supp. 2003). In one issue, we determine
whether the evidence is legally insufficient to support appellant’s conviction for
violation of the Order. We affirm.
Background
           On May 4, 2002, appellant was arrested for assaulting Guadalupe Alvarado,
his girlfriend. On May 6, 2002, the trial court issued the Order, which prohibited
“Lazaro Hernandez” from committing family violence against “Guadalupe Alvarado.” 
The Order remained in effect for 61 days from the date of its issuance and prohibited
from
•        committing family violence involving [Guadalupe Alvarado];
 
•        committing an act in furtherance of an offense under Section
42.071 (Stalking) of the Texas Penal Code involving [Guadalupe
Alvarado];
 
•        communicating directly with [Guadalupe Alvarado] in a
threatening or harassing manner;
 
•        possessing a firearm, unless the person is a peace officer, as
defined by Section 1.07, Penal Code, actively engaged in
employment as a sworn, full-time paid employee of a state agency
or political subdivision;
 
•        Going to or near the residence of [Guadalupe Alvarado],
specifically, within 200 feet of residence, to-wit: 1855 Wier,
Houston TX 77017; or
 
•        going to or near the place of employment or business of
[Guadalupe Alvarado], more specifically, within 200 feet of her
place of employment.
 
 
 
          On June 1, 2002, within the 61-day period, Officer Rayne responded to a
domestic-disturbance report. Officer Rayne arrived at the scene within two minutes
of receiving the call for assistance. Upon arriving, he found Alvarado in front of an
unidentified, single-family residence and observed that she had been beaten and was
nearly unconscious. Officer Rayne, who was unable to communicate with Alvarado
because she spoke only Spanish, called for assistance. 
          Officer Miller, a bilingual officer who was fluent in both English and Spanish,
responded to Officer Rayne’s call for assistance. Officer Miller spoke to Alvarado,
who told him that she had been assaulted by her boyfriend, “Lazaro Hernandez.” 
Alvarado stated that appellant had come to a house where she was staying and had
forced her into his car. While in the car, appellant beat Alvarado repeatedly. Even
after appellant had stopped the car, appellant continued to beat Alvarado. After
witnesses called the police, appellant fled.
          Officer Miller took photographs of Alvarado. The photographs showed that
Alvarado’s face was bruised and swollen on the left side, that her nose and arms were
bruised, and that her mouth and lips were swollen. The photographs were taken about
45 minutes after the officers arrived at the scene and after paramedics had treated
Alvarado. 
          Although Alvarado did not testify at trial, appellant offered her affidavit, which
was admitted into evidence and stated that “Lorenzo Lazaro Hernandez” had an order
to stay away from her and that he had assaulted her. Alvarado stated in her affidavit
that she had met appellant so that they could talk and work things out, but that they
had fought and had pushed each other.
           Officer Patterson had arrested appellant in May 2002 for an incident of
domestic violence prior to the issuance of the Order, which arrest had led to the trial
court’s imposition of the Order. At trial, Officer Patterson testified that appellant was
the same person arrested in May 2002 for the previous acts of domestic violence
against Alvarado.
          The trial court clerk testified about the manner in which the trial court typically
provides a domestic-violence order to a defendant. The clerk indicated that the trial
court verbally admonishes the defendant and articulates the prohibitions of a
domestic-violence order. However, the clerk could not remember whether appellant
received such verbal admonishment on the day that the Order was entered. The clerk
also testified that appellant’s name was signed on the Order, but she could not
personally attest that the signature was appellant’s. 
Legal Sufficiency
          In his sole point of error, appellant contends that the evidence was legally
insufficient to support his conviction for violating the Order because no evidence
showed whether (1) he had knowledge of the Order, (2) he was subject to the Order
and was the person named in the Order, and (3) Alvarado was the same person as the
victim named in the Order.
          In a legal -sufficiency review, we view the evidence in a light most favorable
to the verdict and ask whether a rational trier of fact could find the essential elements
of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000); Valencia v. State, 51 S.W.3d 418, 423 (Tex. App.—Houston [1st
Dist.] 2001, pet. ref’d). The fact finder may reasonably infer facts from the evidence,
credit any witnesses it wishes to credit, disbelieve any or all of the testimony
proffered, and weigh the evidence in the manner that it chooses. Bruno v. State, 922
S.W.2d 292, 293 (Tex. App.—Amarillo 1996, no pet.).
          To show that appellant violated the Order, the State had to proffer evidence that
appellant knowingly or intentionally committed family violence in violation of a
protective order issued under article 17.292 of the Texas Code of Criminal Procedure. 
See Tex. Pen. Code Ann. § 25.07; Rohrscheib v. State, 934 S.W.2d 909, 911 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). Family violence is defined by statute as
including three distinct categories of violence. Tex. Fam. Code Ann. § 71.004
(Vernon 2002). Included within family violence is “dating violence.” Id. § 71.0021. 
Dating violence occurs when one person commits an act of violence against another
person with whom the former has or has had a dating relationship. Id. § 71.0021(a). 
The act of violence must have been intended to result in or to threaten imminent
physical harm, bodily injury, physical assault, or sexual assault. Id. A “dating
relationship” must be one of a romantic or intimate nature, determined from such
considerations as (1) the length of the relationship, (2) the nature of the relationship,
and (3) the frequency and type of interaction between the persons involved in the
relationship. Id. § 71.0021(b). 
          First, appellant claims that the evidence is legally insufficient to show that he
had knowledge of the Order. To demonstrate that appellant had knowledge of the
Order, the State had to show that appellant was either present at the hearing at which
the Order was issued or that he received notice of the hearing and simply failed to
show. Harvey v. State, 78 S.W.3d 368, 372-73 (Tex. Crim. App. 2002). The State
need not prove that appellant knew the contents of the Order, but merely that he
received the Order so that he had the means to learn of its contents. See id. at 373. 
Upon receiving a copy of the Order, appellant was responsible for knowing the
contents of the Order, whether he chose to read the Order or not. See id.
          Appellant argues that, because no evidence was presented at trial to show that
the signature on the Order was his signature or that any witness saw him sign the
Order, the State cannot prove that he had the requisite knowledge. Proving that the 
signature on the Order is appellant’s signature is relevant because the Order states
that the party signing the document has received a copy of the Order. If appellant
actually signed the Order, the requisite knowledge of the Order’s contents would be
imputed to him. 
          Although the State did not offer testimony of a handwriting expert that the
signature on the Order was appellant’s, of any eyewitness who remembered seeing
appellant sign the Order, or of any person familiar with appellant’s handwriting, the
State presented evidence of the trial court’s standard procedures relating to protective
orders. The Clerk testified about the trial court’s standard procedures relating to
admonishments and prohibitions given for domestic violence orders. The Clerk also
testified that the name of the signature matched the name of appellant. Therefore, we
hold that the evidence was legally sufficient to show that appellant had knowledge
of the Order.
          Appellant next alleges that the evidence is legally insufficient to show that he
was both the person subject to the Order and that he was the person who caused
Alvarado’s injuries. Officer Patterson identified appellant as the person he had
arrested in May of 2002 for an assault on Alvarado. This arrest led to the imposition
of the Order. The person named in the Order was “Lazaro Hernandez,” and the Order
was signed by “Lazaro Hernandez.” Further, Alvarado told Officer Miller, who
responded to the call for assistance on June 1, 2002, that her boyfriend, Lazaro
Hernandez, had beaten her, and the photographs taken of Alvarado show that she had
been very badly beaten and bruised. The evidence is, therefore, legally sufficient to
show that appellant was both the person subject to the Order and the person who
assaulted Alvarado. 
          Finally, appellant claims that the evidence was legally insufficient to show that
Alvarado was the victim named in the Order. Alvarado’s name and place of residence
were listed on the Order, and the Order stated that Alvarado and Hernandez had a
dating relationship. Officer Miller testified that, when he arrived at the scene on June
1, 2002, Alvarado told him that she had been badly beaten by her boyfriend, Lazaro
Hernandez. Further, Alvarado executed an affidavit stating that “Lorenzo Lazaro
Hernandez” had an order to stay away from her and that he had assaulted her. 
Therefore, the evidence is legally sufficient to show that Alvarado was the victim
named in the Order.
          We overrule appellant’s sole point of error.


         
 
 
 
 
 
 
Conclusion
          We affirm the trial court’s judgment.



     Laura C. Higley
     Justice

Panel consists of Chief Justice Radack and Justices Alcala and Higley.

Do not publish. Tex. R. App. P. 47.2(b).