Opinion issued November 18, 2004.










In the
Court of Appeals
For The
First District of Texas




NO. 01-03-00666-CR




JASON VAN ILES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 923748




MEMORANDUM OPINION

          A jury found appellant, Jason Van Iles, guilty of delivery of cocaine weighing
less than one gram, and the trial court sentenced appellant to one year confinement. 
In two issues, appellant contends that the trial court erred in (1) denying his motion
for instructed verdict and (2) sentencing him to the cruel and unusual punishment of
one year’s confinement. We affirm the judgment of the trial court.
Background
          On September 10, 2002, Houston Police Department (“HPD”) Officer Mark
Ong and his partner, Officer Michelle Vana, conducted an undercover investigation
at an apartment complex where Officer Ong suspected that appellant was dealing
drugs. Officer Ong testified that appellant waved him into a parking lot where both
appellant and another man, Richard Harelston, were standing. Appellant asked
Officer Ong what he “was looking for,” and Ong replied that he wanted “a couple
dimes,” which Ong testified meant two rocks of crack cocaine worth $20. Appellant
told Harelston to “serve him up.” Harelston asked Ong what he wanted, and, when
Ong repeated his request for “a couple dimes,” Harelston sold him two rocks of
cocaine. Ong drove away, and uniformed officers arrested appellant and Harelston. 
          Officer Vana testified that it appeared that both appellant and Harelston were
working together during the drug transaction. In her opinion, drug dealers often work
together, with one giving orders to the other to complete the transaction. Both
Officers Ong and Vana testified that it was common practice for drug dealers to work
in pairs: one approaches the car and the other sells the drugs. Vana testified that such
practices stem from the mistaken belief that the non-seller cannot be charged with a
crime if he is not handling the drugs or the money. Appellant testified that he was not
in any way involved with the drug transaction between Harelston and Officer Ong.
Instructed Verdict
          Appellant contends that the trial court abused its discretion in denying
appellant’s motion for an instructed verdict. Appellant also contends that the
evidence was legally and factually insufficient to support his conviction. We disagree.
Legal Sufficiency 
          A motion for an instructed verdict is an attack on the legal sufficiency of the
evidence. Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990); 
Rohrscheib v. State, 934 S.W.2d 909, 910 (Tex. App—Houston [1st Dist.] 1996, no
pet.). When conducting a legal-sufficiency review, we view the evidence in the light
most favorable to the verdict to determine whether any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155
(Tex. App.—Houston [1st Dist.] 1997, no pet.). Although a legal-sufficiency 
analysis entails a consideration of all evidence presented at trial, we may neither
re-weigh the evidence nor substitute our judgment for the jury’s. King, 29 S.W.3d
at 562. The jury, as trier of fact, is the sole judge of the credibility of witnesses and
may believe or disbelieve all or any part of a witness’s testimony. Reece v. State, 878
S.W.2d 320, 325 (Tex. App.—Houston [1st Dist.] 1994, no pet.). 
          A delivery of a controlled substance conviction requires that the State prove
that appellant knowingly delivered a controlled substance by either actual transfer,
constructive transfer, or by an offer to sell. Tex. Health & Safety Code Ann. §§
481.002(8), 481.112(a) (Vernon Supp. 2004). The verdict stands if the evidence
supports any one of the three alternative manners of delivery that the State alleged in
the indictment. See Brooks v. State, 990 S.W.2d 278, 283 (Tex. Crim. App. 1999).



           In this case, the jury charge authorized the jury to convict appellant if it found
beyond a reasonable doubt that Harleston delivered cocaine by actual transfer and
appellant was a party


 to the delivery, or if it found beyond a reasonable doubt that
appellant delivered cocaine by constructive transfer.


 
          At trial, the State presented evidence that appellant flagged down Officer Ong,
approached Ong’s car, and asked Ong what he was looking for. Officer Ong
answered a “couple dimes,” which is street slang for two rocks of crack cocaine. 
Appellant then told Harleston, “serve him up.” Appellant stood next to Harleston and
watched while Harleston handed Ong the crack cocaine and while Ong handed
Harleston $20.
          Viewing the evidence in the light most favorable to the jury’s verdict, any
rational trier of fact could have found beyond a reasonable doubt that appellant
solicited, encouraged, directed, aided or attempted to aid Harleston in delivering the
cocaine. Accordingly, any rational trier of fact could have found beyond a reasonable
doubt that appellant was guilty of constructive transfer. Therefore, we hold that the
evidence is legally sufficient and the trial court did not abuse its discretion in denying
appellant’s motion for an instructed verdict.
Factual Sufficiency
          Appellant further contends that the evidence was factually insufficient to
support his conviction.     In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W. 3d 814, 817 (Tex. Crim. App. 2004).
     In conducting the factual-sufficiency review, we must also employ appropriate
deference to the fact finder so that we do not substitute our judgment for that of the
fact finder. See Zuniga v. State, 144 S.W. 3d 477, 482 (Tex. Crim. App. 2004). Our
evaluation should not intrude upon the fact finder’s role as the sole judge of the
weight and credibility given to any witness’s testimony. Cain v. State, 958 S.W.2d
404, 407 (Tex. Crim. App. 1997). The weight to be given contradictory testimonial
evidence is within the sole province of the fact finder because it turns on an
evaluation of credibility and demeanor. Id. at 408. The fact finder is entitled to judge
the credibility of the witnesses and may choose to believe all, some, or none of the
testimony presented. Id. at 407.In this case, Officer Ong testified that appellant flagged him down and asked
him what he was looking for. When Ong indicated that he wanted to purchase crack
cocaine, appellant told Harelston, “serve him up.” Officer Ong testified that he paid
Harelston $20 for two rocks of crack cocaine while appellant stood by and watched. 
Furthermore, Rosario Rodriquez, an HPD chemist, testified that the two rocks were
crack cocaine weighing under one gram. Both Officers Ong and Vana testified that
drug dealers often work together, with one dealer instructing the other to sell the
drugs. Ong and Vana testified that, in their opinion, appellant and Harelston were
working together; Vana testified that drug dealers operated under the mistaken belief
that, if one of them does not touch the drugs or money, he cannot be charged with a
crime. 
      In opposition to Officers Ong’s and Vana’s testimony, appellant testified and
denied involvement in the drug transaction and claimed that the transaction was
solely between Officer Ong and Harelston. Appellant testified that he was sitting on
a generator next to the apartment complex’s entrance waiting for the mail to arrive
when he saw the transaction between Officer Ong and Harelston occur. Appellant
claimed to have been five feet or more from Officer Ong’s car and that he never
waved Ong’s car into the parking lot or spoke with him. Appellant denied ever
selling drugs with or working with Harelston. Appellant testified that his only
relationship with Harelston was that they occasionally asked each other for cigarettes.
     Harelston, at the time of this offense, had recently completed an unrelated
sentence for delivery of a controlled substance, corroborated appellant’s testimony. 
Harleston testified that appellant did not move from where he was sitting on the
generator, that Harelston conducted the drug deal with Officer Ong by himself, and
that Officer Ong had been flagged down by someone other than appellant. Finally,
Luciana Lee, another defense witness, testified that she saw appellant sitting by the
generator and that appellant was not involved in the drug transaction. Lee also
testified that she previously had been convicted of delivery of a controlled substance
and aggravated assault with a deadly weapon. Lee testified that, in her experiences
as a drug dealer, she did not use “scouts” to contact potential clients.
     Having viewed all of the evidence in a neutral light, we find that the evidence
supporting appellant’s conviction is not too weak to support the finding of guilt
beyond a reasonable doubt; nor was the contrary evidence so strong that the beyond-a-reasonable-doubt standard could not have been met. As we stated earlier, the fact
finder is entitled to judge the credibility of the witnesses and may choose to believe
all, some or none of the testimony presented. Cain, 958 S.W.2d at 407. When the
evidence is conflicting, the jury's verdict is generally regarded as conclusive. 
McGarity v. State, 5 S.W.3d 223, 232 (Tex. App.— San Antonio 1999, no pet). We
hold that the evidence demonstrates that the jury was rationally justified in finding
appellant guilty beyond a reasonable doubt. See King, 29 S.W. 3d at 562.
     We overrule appellant’s issue.
Cruel and Unusual Punishment 
          In his final issue, appellant contends that the trial court abused its discretion
in sentencing him to the cruel and unusual punishment of one year’s confinement. 
We disagree.
          To preserve error on appeal, the record must show that appellant made a timely
request, objection, or motion. See Tex. R. App. P. 33.1(a)(1). Constitutional rights,
including the right to be free from cruel and unusual punishment, may be waived if
the proper request, objection, or motion is not asserted in the trial court. Rhoades v.
State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); Solis v. State, 945 S.W.2d 300,
301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). The failure to make a specific
objection at trial waives an Eighth Amendment claim of cruel and unusual
punishment. Curry v. State, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995). 
          In this case, when appellant’s sentence was announced, he did not object to the
sentence as violating his constitutional right to be free from cruel and unusual
punishment. Appellant also failed to raise the argument in a post-trial motion. 
Accordingly, appellant has not preserved this issue for appellate review. See Tex. R.
App. P. 33.1(a)(1).
          We overrule appellant’s final issue.
Conclusion
          We affirm the judgment of the trial court. 
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).